UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Terence Kevin Bethea
Fed. #09978-007, D.C.D.C.# 259-385

Thurston Sweet
Fed. # 03265-000, D.C.D.C.#188-417

Alfonso Wilson
Fed. # 12015-058, D.C.D.C.#184-824

Donddeago Hardy
Fed. #52725-019 D.C.D.C.# 229-609

Jeremiah Mack
Fed. #10208-007, D.C.D.C.#208-932

Marcus Ferguson
Fed. #10578-007, D.C.D.C.#241-798

Case: 1:07-cv-01112
Assigned To : Collyer, Rosemary M.
Assign. Date : 06/21/2007
Description: HABEAS CORPUS

Petititoner's,

V.

William Smith, Warden, D.C. Jail,
Federal Bureau of Prisons, et, al.,
United States Parole Commission, et Al.,

Respondents.

## PETITION FOR A WRIT OF HABEAS CORPUS

Comes now the petitioner's pro-se, in the above-captioned cause

humbly and respectfully requests this most honorable court issue writs of

habeas corpus for the following reasons expressed herein;

## JURISDICTION

Jurisdiction in this case is by virtue of 28 U.S.C. § 2241.

**RECEIVED**

MAY 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1

## QUESTIONS PRESENTED

1.     Pursuant to <u>Luck v. D.C. Parole Board</u>. 996 F.2d 372 (D.C. Cir 1993), does D.C. code § 24-406, (formerly § 24-206) control prisoner's paroled before April 11, 1987, and § 24-221.03 (formerly § 24-431), govern those prisoner's paroled after, April 11, 1987?  Yes

2.     Does 28 District of Columbia Municipal Regulations ("DCMR") Sections 601.1 through 601.11 dictate how Institutional and Educational Good Time Credits should be applied?  Yes

3.     Does the U.S. Parole Commission's retroactive application of the new federal regulations violate the Ex Post Facto Clause of the art. I, § 9, cl.3. United States Constitution U.S. Const.  Yes

4.     Does the mandatory language in 28 DCMR § 601.7, state that a prisoner "In Custody" will not lose institution or educational good time upon revocation of parole?  Yes

## STATEMENT OF FACTS

1. In 1993, Terence K. Bethea was arrested for attempted Distribution of Cocaine.  In 1995, he was sentenced to 3 to 9 year's incarceration.  When his sentence was calculated by the D.C. Department of Corrections (DCDC).  Mr. Bethea was given 864 good days or "Intuitional Good Time Credit's" pursuant to D.C. Code § 24-431(a), and § 24-428, of the "Good Time Credit Act."  To date Mr. Bethea has had two violations of parole, of which, his parole was revoked.  In both revocations, Mr. Bethea's sentence was recalculated as if it were a "new sentence without the benefit of previously awarded Institutional and Educational Good Time Credits that had accrued and where vested by stature.  Moreover, the afore mentioned good time credits could only be forfeited after a hearing pursuant to § 24-432.

2. In 1989 Marcus A. Ferguson was arrested for Distribution of Cocaine.  In 1991, he was sentence to 4 to 12 year's incarceration, with a mandatory minimum of 4 years for statute.  When his sentence of corrections (DCDC), Mr. Ferguson was given 1440 good days or "Institutional Good Time Credits off of his maximum sentence pursuant to D.C. Code § 24-431(a), and § 24-428, of "The Time Credit Act."  To date Mr. Ferguson has had four violations of parole, of which, his parole was revoked.  In each revocation, Mr. Ferguson's sentence was recalculated as if it were a "New Sentence", without the benefit of previously awarded institutional and educational good credits that had accrued and were vested by statute.  Moreover, the afore mentioned good time credits could only be forfeited after a hearing pursuant to § 24-432.

3. In 1977, Thurston Sweet was arrested for various violations of District of Columbia Code.  In <u>1979</u> he was sentenced to 10 to 30 years incarceration.  In 1987, his sentence was calculated, by the D.C. Department of Corrections,

(DCDC). Mr. Sweet was given 3600 good days or "Institutional Good Time Credits" Pursuant to D.C.Code § 24-431(a), and § 24-428, of the "Good Time Credits Act." To date Mr. Sweet has had several violations of Parole, of which his parole was revoked. After 1998, as a result of the Noble Act, Mr. Sweet sentence was recalculated as if it were a "New Sentence" without the Benefit of Previously awarded "Institutional and Educational "Good Time Credits that had accrued and was vested by statute. Moreover, the aforementioned Good Time Credits could only be forfeited after a hearing pursuant to § 24-432.

4. In 1984, Alfonso L. Tillman, AKA Wilson, was arrested for Distribution of Heroin. In 1985, he was sentenced to 5 to 161/2 years incarceration. In 1987, his sentence was recalculated by the D.C. Department of Corrections (DCDC). Mr. Tillman was given in 1980 Good Days or "Institutional Good Time Credit" Pursuant to D.C. Code § 24-431(a), and § 24-428, of the "Good Time Credit Act." To date Mr. Tillman has had several violations of parole, of which, his parole was revoked. After 1998, as a result of the Noble Act. Mr. Tillman's sentence was recalculated as if it were a "New Sentence," without the benefit of previously awarded "Institutional" and "Educational" Good Time Credits that had accrued and was vested by Statute. Moreover, the aforementioned Good Time Credits could only be forfeited after a hearing pursuant to § 24-432.

5. In 1982, Jeremiah Mach was arrested for armed robbery. In 1982, he was sentenced to 6 to 18 years incarceration. In 1987, his sentence was recalculated by the D.C. Department of corrections (DCDC). Mr. Mack was given 2160 good days or "Institutional" "Good Time Credit Act". To date Mr. Mack has had several violations of parole, of which, his parole was revoked. After 1998. As a result of the Noble Act, Mr. Mack's sentence was recalculated as if it were a "New Sentence", without the Benefit of Previously awarded "Institutional" and Educational" Good Time Credits that had accrued and was vested by statute. Moreover, the aforementioned Good Time Credits could only be forfeited after a hearing pursuant to § 24-432.

6. In 1990, Dondeage Hardy arrested for various violations of D.C. Code. In 1991, he was sentenced to 2 to 15 years incarceration. When his sentence was calculated by the D.C. Department of Corrections (DCDC). Mr. Hardy was given 1980 good days or "Institutional Good Time Credits." Pursuant to D.C. Code § 24-431, and § 24-428, of the Good Time Credit Act." To date Mr. Hardy has had several violations of parole of which, his parole was revoked. In both revocations, Mr. Hardy's sentence was recalculated as if it were a new sentence without the benefit of previously awarded "Institutional" and "Educational" Good Time Credits that has accrued and were vested by statute. Moreover, the afore mentioned Good Time Credits could only be forfeited after a hearing pursuant to § 24-432.

Pursuant to <u>Luck v. D.C.PB</u>,
996 F.2d 372, and  <u>Noble v.</u>
<u>U.S.P.C</u>, 887 F. Supp. 11. DOES
§ 24-406 (formerly § 24-206), control
Prisoner's paroled before April
11, 1987, and § 24-221.03,
(Formerly § 24-431), govern those
Prisoner's paroled after April 11, 1987?

The class members answer this question in the affirmative.  In support, the class

members rely on the D.C. circuit's Juris Prudence in "<u>Luck</u>" and "<u>Noble</u>".  In "<u>Luck</u>" the

court explained its reasoning in relation to ········································    the above-

mentioned question when it referred to <u>United States Railroad Retirement Bd. V. Fritz</u>,

449 U.S. 166 (1980).  In "<u>Fritz</u>" the high court/upheld a law that… prospectively ended

entitlements to dual "windfall" benefits under the social security and railroad retirement

systems, but left intact dual entitlements which had vested as a particular date.  Id. at 177-

79, 101 S.Ct. at 160-62.  The high court reasoned that:

"[t]he task of classifying a person for… Benefits… inevitably requires that

some persons who have an almost equally strong claim to favored

Treatment be placed on "different <u>Sides of the "line"</u>, and the fact the

"<u>Line</u>" might have been drawn differently at some points is a

matter for legislative, rather than judicial, consideration, "Id. At 179 thus,

The afore mentioned line of reasoning was labeled the "<u>Fritz test</u>".

The circuit went on to state that in "<u>Luck</u>", the "<u>Fritz</u>" test is met", as it related to the

"District of Columbia… draw[ing] a line at some point in the process."  The line being

the use of § 24-406 (formerly § 24-206 before the "Acts effective date"… (i.e., the good

time credits act, § 24-221.03 (formerly § 24-431)). The circuit went further and stated that, "drawing the line (at) (April 11, 1987) was in no way irrational. "Id. Moreover, the Honorable Judge Stanley Sporkin ruled in <u>Noble v. U.S. Parole Commission</u>, 887 F. Supp.11 (D.C. 1995), that, "the two statutes are not irreconcilable"... Judge Sporkin reiterated that, "the D.C. Circuit harmonized these statutes by implicitly finding that § 24-206 controlled prisoners paroled before April 11, 1987, and § 24-431 governed those prisoners paroled after April 11, 1987." Id. The reason why the afore-

mentioned is as significant as it relates to the class members is simply because § 24-406, <u>denies</u> previously awarded institutional good time (not to be confused with street time) that was previously awarded by statute. Id. Moreover, § 24-406, denies credit for "street time' as well. By comparison, the two statutes are               different in that §24-406 reads in pertinent part:

... "If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody."
                                                       "For the purpose of computing communication of good conduct, the remainder of the sentence originally imposed <u>shall be considered as a new sentence</u>." Id.

Thus, under § 24-406, the remainder of prisoner's sentence... "Shall be considered as a new sentence," without the benefit of previously awarded institutional and educational good time credits.

However, § 24-221.03, in conjunction with Title 28 District of Columbia Municipal Regulations § 601.7 allow a prisoner to retain previously awarded Institutional "(IGT)" And educational "(EGT)" credits upon revocation of parole, are "vested", and credits are earned for each month the prisoner participates in a particular educational program. However Institutional good time credits may be forfeited, withheld, and restored by the Director of the Department of Corrections "only" after a hearing... Conducted in accordance with rules promulgated by the mayor." "The act automatically "Vests" an individual with good time credits as they are earned." (See D.C. Code § 24-432, § 24-428, § 24-249 1987 Supp) (See also, Moss v. Clark, 698 F. Supp. 640 (E.D.Va 1988). The government as well as the D.C. Department of Corrections has been getting away with using both Statutes, § 24-406 and § 24-221.03 together as if they were one, in violation of the laws and regulations of the District of Columbia. In Teachey v. Carver 736 A. 2d 998 (D.C. APP. 1999), the D.C. Court of Appeals held: "An exercise of discretion must be founded upon correct legal standards. "(See, e.g., In re JDC., 594 A.2d 70, 75 (D.C. 1991). " A district court by definition abuses its discretion when it makes an error of law." Koon v. U.S., 81,100 91996), and the same is true of the... U.S.P.C., and Federal Bureau of Prisons ("F. BOP"). The court goes further and states: "Where a judge (or agency) is    vested" (with mandatory language) "to choose between permissible alternatives, but does not recognize"... "The existence of such"... "Authority"... "and therefore fails to exercise it, then that failure constitutes an abuse of discretion." Id. See e.g. Johnson v. United States, 398 A.2d 354, 363 (D.C. App. 1979). The Teachey Court also stated: "The Revitalization Act...

Provides… that the U.S.P.C. shall… exercise the authority vested in it by § 24-1231…

Pursuant to the Parole laws and Regulations of the District of Columbia." Id.

DOES TITLE 28 DISTRICT OF COLUMBIA
NUMICPAL REGULATIONS "(DCMR)" SECTION
601.1 THROUGH 601.11 DICTATE HOW
INSTITUTIONAL AND EDUCATIONAL
<u>GOOD TIME CREDITS SHOULD BE APPLIED</u>

The class members answer this question in the affirmative. On April 11, 1987, the

D.C. Correction Counsel signed into law the good time credit act. (D.C. Law 6-218 D.C.

official Code § 24-201.29 (2001)). Under the good time credits act, a number of statutes

that dealt with awarding, and taking away of "IGT" and "EGT" credits. The statutes

were as follows: D.C. Code § 24-428, § 24-429, § 24-432… 28 DCMR, chapter 6, was

also made law. Sections 601.1, through 601.11, were regulations (or laws) which gave

instructions on how to administer the credits pursuant to the aforementioned statutes.

What is significant to the class members and the case at bar is Section 601.7. In Section

601.7, the regulation clearly states| " Revocation of parole shall not result in loss of ………..

credit for time spent on parole (not to be confused with "street time)" This is true simply

because you cannot earn or gain "institutional" or "Educational" good time while on

parole. Thus, the only logical reading of Section 601.7 is just as it states. Again, the

class members invoke the "Plain language doctrine" as it relates to the aforementioned

section. Therefore there can be no mistake as to its meaning. In <u>Teachey v. Carver</u>, 736

A.2d 998 (D.C. APP. 1999), the D.C. "Regulations ("DCMR") having been duly‚

promulgated, they are the law. The board (USPC) (FBOP) must follow them unless and

until they have been rescinded or amended in the manner prescribed by law." "The

Revitalization Act cannot be read as having affected a pro tan to implied repeal of the

District of Columbia Administrative Proceedings Act."

DOES THE U.S. PAROLE COMMISSION'S
RETROACTIVE APPLICATION OF THE
NEW FEDERAL REGULATIONS
VIOLATE THE EX POST FACTO CLAUSE
OF THE UNITED STATES CONSTITUTION?

The class members answer this question in the affirmative, in that, the class members rely

on this circuits ruling in Fletcher v. Reilly, Case No. 03-5359 (D.C. Cir. 01/06/06, which held;

The United States Parole Commission's ("USPC"), "New Federal Regulations... violate the Ex

Post clause of the United States constitution, "U.S. Const. art I, §9, cl.3. This is true because the

USPC's re parole regulations rather than the D.C. Board of Parole's Regulations ("DCBP")

created a significant risk of increased punishment and is thus an unconstitutional Ex Post Facto

Law. Moreover, the USPC's Regulations specifically the initial and re parole guidelines "create

a significant risk of increased punishment" simply because the afore mentioned guidelines are

solely punitive in nature, and do not take into account or "place significant weight on post-

incarceration behavior, including rehabilitative accomplishments", "in making release

determination." For example:  Class member Terence K. Bethea, D.C. D.C. #259-385, was on

parole as result of a charge caught in 1993. Subsequently Bethea was paroled in 1997. In 1998

Bethea was arrested in Maryland for various violations of Maryland code, (all of which were

vacated, dismissed, and expunged from the record.) Bethea, like Fletcher, came up for Re Parole

in 2000. By then, the "USPC" had assumed all responsibility for parole and re parole of felons

convicted under D.C. Code. In considering Bethea case for re parole, the USPC applied the new

federal regulations, not the displaced DCBP's regulations. "As in fletcher, because Bethea's

parole had been revoked for an offense that was not a D.C. code offense, the USPC declined to

consider his post-incarceration behavior such as, working as a clerk in the youth center and in the

Law Library, and also working with the landscaping crew. Bethea had also completed E-Tap

employment Ethics awareness program, and had several letters from officers applauding his work ethic among other things. Instead the USPC went on a witch hunt. Bethea even went as far as to file a writ of habeas corpus citing what Fletcher had contended which was that the new guidelines used by the USPC violated the Ex Post Facto clause of the U.S. Constitution. Bethea's case went before the Honorable Gladys Kessler who ruled as the lower court in Fletcher did when she dismissed Bethea's writ on the grounds that "USPC's" parole/re parole regulations are "not laws" for ex post facto purposes, of which this circuit has "squarely rejected." In Bethea's case as with several other class members the district court simply rubber stamped the government position. What's ironic is in 1999, a case by the name <u>Teachey v. carver</u>, was decided (see <u>Treachey v. Carver</u>, 736 A.2d 998 (D.C. 08/26/1999)) by the DC Court of Appeals ruled "The... "DCBP"... Parole regulations having been duly promulgated, they are the law, and... must be followed unless and until they have been rescinded or amended in a manner prescribe by law. "Id. The court goes further and states. "The revitalization act further provides that after the "USPC" assumes the [DCBP's] duties... "The USPC shall... exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia." D.C. code § 24-1231(c)." Id In <u>Blair-Bey v. Quick</u>, the D.C. circuit looked at the issue of whether or not the USPC's amended and supplemented guidelines violated the ex post facto of the US Constitution. However, the D.C. circuit never issued a concrete ruling as it did in Fletcher. (See 151 F. 3d 1039(1998).

DOES THE MANDATORY LANGUAGE
IN 28 DCMR § 601.7, STATE THAT A PRISONER
"IN CUSTODY" WILL NOT LOSE INSTITUTIONAL
OR EDUCATIONAL GOOD TIME UPON
REVOCATION OF PAROLE?

Affirmative the class members answer this question in the affirmative.  The class

members invoke the plain language doctrine as it relates to title 28, chapter 6 of the

District of Columbia Municipal Regulations.  In chapter 6, headed under Institutional and

Educational Good Time Credit, the class members rely on Section 601.7 which states:

601.7 Revocation of Parole shall "not" result in loss of credit, for time spent on parole, to
service of the sentence on which parole was granted. Id.

The class members contend that there can be no mistakes in misinterpreting

Section 601.7 with "Street Time", simply because the chapter is headed under

"Institutional and Educational Good Time Credits."  The class members also contend that

a parolee cannot lose Institutional (IGT) or Educational (EGT) good time credits because

these credits are awarded in a lump sum pursuant to § 601.3, so as to provide a projected

initial parole eligibility date and date upon which "Release" shall become mandatory." Id.

Furthermore, the afore mentioned credits are "vested" and cannot be forfeited without a

hearing pursuant.  A brief  history is in order because the Bureau of Prisoners uses two

statutes against prisoners whose sentences fall squarely under the "good time credit act."

Thus, in 1932 congress enacted a law called:  "An act to establish a board of inter

determinate sentence and parole for the District of Columbia, 47 stat. 698 ch. 492 § 6

(July 15, 1932) (codified as amended at D.C. Code § 24-206(a)) (Now § 24-406(a)).

In 1986 the district of Columbia City Counsel enacted the "Good Time Credits

Act", which became effective on April 11, 1987, D.C. Law 6-218, § 5 (Institutional Good Time), § 24-428. (Educational Good Time), § 24-429. (Meritorious Good Time), § 24-429.2 (Limitations), § 24-431 (Jail Credit Parole) (Now § 24-221.03), and § 23-432 (forfeiture). These laws or "Good Time" system's purpose is to promote a uniform system of awarding Good Time Credits... to provide incentives for offenders to earn good time credits based on individual institutional adjustment, performance, and educational achievement... and to improve prison population control." (D.C. Law 6-218, 34 DCR 484, April 11, 1987), on August 20, 1994, D.C. Code § 24-428, (Institutional Good Time was re pealed.)  The class members in this case sentences fall squarely under the "Good Time Credits Act."  Chapter 6, in 28 DCMR was also made law on April 11, 1987 § 601.1 through § 601.11, were general previsions on how to give Institutional and Educational Good Time Credits. § 601.4 dele specifically with forfeiture nothing in this

*delt*

section with Inter determinate and parole, AKA, § 24-406, (formerly § 24-206).

The USPC and BOP use § 24-221.03, and § 24-406(a), as if the two statutes are to be used together which is simply wrong.  There is no interpretation problem with § 601.7, nor is the regulation ambiguous.  It says what it says, is plain on its face, and thus, when a parolee's parole is revoked <u>you do not lose</u> "Institutional" or "Educational" Good Time Credits, and <u>you do not</u> start the sentence without the benefit of previously awarded accrued and vested Good Time.  This Circuit dealt with the issue in 1993, in <u>Luck v. DCBP</u>, 996 F. 2d 372 (D.C. Cir 1993), the D.C. Circuit held; § 24-206 (Now § 24-406) controlled prisoners paroled before April 11, 1987, and § 24-431(a), (Now § 24-221.03), governed those prisoners paroled after April 11, 1987.  Therefore, § 24-406 only governs

parolee's who were paroled prior to enactment of the "Good Times Credits Act," and §
24-221.03, only governs those parolee's or class numbers paroled after enactment of the
"Good Times Credits Act." The only issue that came out of the <u>Noble</u> cases as well as
<u>Davis v. Moore</u> was that you <u>lose street time and street time only</u>!

## Conclusion

The class members in this case as well as, countless others who are similarly situated have been wronged at the hands of the D.C. Department of Corrections, the United States Parole Commission, and the Federal Bureau of Prisons. The aforementioned agencies are fully aware of what they are doing as it relates to what laws to use, and what laws not to use, with respect to Good Times Credit Act sentences. The aforementioned agencies run their own programs without respect to the applicable laws and regulations of the District of Columbia, nor the Revitalization Act. The aforementioned agencies have an instilled bias against D.C. code prisoners, which is based on dealings with D.C. Code prisoners in the past.

## Prayer for Relief

Wherefore these reasons stated in the aforementioned the class members respectfully request of the writ of habeas corpus be issued and an evidentiary hearing be held on the merits of this case

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I hereby certify and declare that a true and accurate copy of the foregoing, _Writ of Habeas Corpus_, was placed into This institution's mail receptacle on this _24th_ day of, _May_, 2007, to make service on the U.S. Attorney's office for the District of Columbia, 555-4th Street, N.W., Washington, D.C. 20530.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence Kevin Bethea
Fed. #09978-007, D.C.D.C.# 259-385

Thurston Sweet
Fed. # 03265-000, D.C.D.C.#188-417

Alfonso Wilson
Fed. # 12015-058, D.C.D.C.#184-824

Civil Action No._____

Donddeago Hardy
Fed. #52725-019 D.C.D.C.# 229-609

Jeremiah Mack
Fed. #10208-007, D.C.D.C.#208-932

Marcus Ferguson
Fed. #10578-007, D.C.D.C.#241-798

Petititioner's,

V.

William Smith, Warden, D.C. Jail,
Federal Bureau of Prisons, et, al.,
United States Parole Commission, et. Al.,

Respondents.

## AFFIDAVIT OF BIAS AND PREJUDICE OF JUDGE(S) PURSUANT TO 28 u.s.c.§ 144

Comes now the petitioner's pro-se, in the above-captioned cause,

hereby deposes and states;

## JURISDICTION

Jurisdiction in this case is by virtue of 28 U.S.C. § 144, which states in

pertinent part;

1

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge **shall 1/ proceed no further therein, but another judge shall be assigned to hear such proceeding. Id.**

## STATEMENT OF FACTS

Petitioner's issues are neither frivolous nor malicious.

Petitioner's state that judge Ricardo Urbina, and Gladys Kessler, are either bias or prejudice against D.C. Code inmates as it relates to dealings and rulings with them individually or as a whole in similar cases.

The class member's case centers around one fact, in particular which is, that their sentences have expired. However, due to miscalculations and erroneously applied laws and statutes, the U.S Parole Commission and, the Federal Bureau of Prisons is under the mistaken or on purpose thinks that the class members owe more time on their sentences.

The class members contend that the Honorable Judges Kessler, and Urbina's decisions are solely in the government's interest, and or, outside the mainstream of jurisprudence. Simply put, The aforementioned judges do not give law to inmates, are not fair, nor are they neutral.

Thus, the class members requests the Honorable Judge Emmit Sullivan be appointed to this case because he known to be fair and adheres to the Code of Judicial Conduct for U.S. Judges.

Wherefore these reasons stated in the aforementioned, the class members pray this most Honorable court appoint the Honorable Judge Sullivan to this case so that they may further their cause with a sense that their issues will be looked at and ruled upon in a fair, and just, manner.

Respectfully Submitted,

Thurston Sweet

Jeremiah Mack

Marcus Ferguson

Terence Bethea

Donddeage Hardy

Altonso Wilson Tillman

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence Kevin Bethea
Fed. #09978-007
D.C.D.C. # 259-385,

Thurston Sweet
Fed. # 03265-000
D.C.D.C. #188-417,

Alfonso Wilson
Fed. # 12015-058
D.C.D.C. #184-824,                    Civil Action No._____

Donddeago Hardy
Fed. #52725-019
D.C.D.C.#229-609,

Jeremiah Mack
Fed. #10208-007 D.C.D.C.#208-932,

Marcus Ferguson  Fed#10578-007, D.C.D.C#241-798

          V.
William Smith, Warden
D.C. Jail,
Federal Bureau of Prisons, et, al.,
United States Parole Commission, et. Al.,

## **CERTIFICATE OF GOOD FAITH**

          Comes now the petitioner's pro-se in the above-captioned cause
hereby deposes and states;
          This certificate is hereby made in good faith in that their attached
motion is not an attempt to circumvent the process by recklessly
disregarding the truth.
          Petitioner's attached motion is also not intended to make an
unjustified attempt to disqualify a Judge(s). Petitioners are not being
speculative nor personal or malicious.

4

Respectfully Submitted,

_Thurston Sweet_
Thurston Sweet

_JAM Jack_
Jeremiah Mack

_Marcus A. Ferguson_
Marcus Ferguson

_Turk_
Terence Bethea

_Donddeago Hardy_
Donddeago Hardy

_Alfonso Wilson Tillman_
Alfonso Wilson Tillman

## CERTIFICATE OF SERVICE

I hereby certify and declare that a true and accurate copy of the foregoing, _Affidavits of bias and prejudice_, was placed into This institution's mail receptacle on this _24th_, day of, _May_, 2007, to make service on the U.S. Attorney's office for the District of Columbia, 555-4th Street, N.W., Washington, D.C. 20530.

## CERTIFICATE OF SERVICE

I hereby certify and declare that a true and accurate copy of the foregoing motion to expedite was placed into this institutions mail receptacle on this _____ day of _____, 2007, to make service on the U.S. Attorney for the District of Columbia, 555 – 4th Street, N.W. Washington, D.C. 20530

Terence K. Bethea
Fed. Reg. #09978-007
D.C. D.C. #259-385

Donddeage Hardy
Fed. Reg. #52725-019
D.C. D.C. # 229-609

Jeremiah Mack
Fed. Reg. #10208-007
D.C. D.C. #208-932

Thurston Sweet
Fed. Reg. #03265-000
D.C. D.C. #188-417

Marcus Fergusoon
Fed. Reg. #10578-007
D.C. D.C. 241-789

Alfonso Wilson
Fed. Reg. #12015-058
D.C. D.C. #184-824

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

_Terence K. Bethen, et al_

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _11201_
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PRO)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
_#09978-007_

## DEFENDANTS

_William Smith, et al_

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01112
Assigned To : Collyer, Rosemary M.
Assign. Date : 06/21/2007
Description: HABEAS CORPUS

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

●2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZ...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### □ A. _Antitrust_

□ 410 Antitrust

### □ B. _Personal Injury/ Malpractice_

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. _Administrative Agency Review_

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

### □ D. _Temporary Restraining Order/Preliminary Injunction_

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

### □ E. _General Civil (Other)_ OR □ F. _Pro Se General Civil_

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or
   defendant
□ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of
   Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
   Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt
   Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
   Exchange
□ 875 Customer Challenge 12 USC
   3410
□ 900 Appeal of fee determination
   under equal access to Justice
□ 950 Constitutionality of State
   Statutes
□ 890 Other Statutory Actions (if not
   administrative agency review or
   Privacy Act



| **G.** *Habeas Corpus/ 2255*<br>☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - HABEAS CORPUS

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO If yes, please complete related case form.

DATE 6.18.07 SIGNATURE OF ATTORNEY OF RECORD NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd