UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence Kevin Bethea
Fed. #09978-007, D.C.D.C.# 259-385

Thurston Sweet
Fed. # 03265-000, D.C.D.C.#188-417

Alfonso Wilson
Fed. # 12015-058, D.C.D.C.#184-824

Donddeago Hardy
Fed. #52725-019 D.C.D.C.# 229-609

Jeremiah Mack
Fed. #10208-007, D.C.D.C.#208-932

Marcus Ferguson
Fed. #10578-007, D.C.D.C.#241-798

Petitioner's

V.     Civil Action No. 07-CV-1112 RMC

William Smith, Warden, D.C. Jail,
Federal Bureau of Prisons, et, al.,
United States Parole Commission, et. Al.,

Respondents.

### ADDENDUM TO PETITIONER'S
### WRIT OF HABEAS CORPUS

Comes now the petitioner's pro-se, in the above-captioned cause, humbly and respectfully moves this most honorable court to allow an addendum to the record for the following reasons expressed herein;

**RECEIVED**

JUL 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## JURISDICTION

Jurisdiction in this case is by virtue of Rule 15(a), which states in pertinent part;

> (a) Amendments. A party may amend the party's
> Pleadings once as a matter of course at any
> Time before a responsive pleading is served;

## QUESTION PRESENTED

Does the second half of § 24-406(a), (formerly § 24-206) affect only prisoner's whose parole is revoked, and who serve the remainder of their sentence originally imposed, but who are ***not*** ***subsequently*** ***reparoled?***

The class member answers this question in the affirmative. This is true simply by reference to the words themselves. Thus, the class members once again, evoked the "plain language" doctrine as it relates to § 24-406. At issue is the second half of paragraph (a), which states in pertinent part:

> ... If the order of parole shall be revoked, the prisoner,
> **_unless subsequently reparoled_**, shall serve the re-main
> -der of the sentence originally imposed. . .less any
> commutation for good conduct which may be earned
> ...after his return to custody... the remainder of the
> originally imposed shall be considered as a new sentence. Id.

The class members are steadfast in their contention that 24-406 (A), does not reconcile with 24-431 (A). However, for arguendo purposes let's say that, " The two statutes do reconcile with each other as the government states. Then 24-406 is only applicable to parolee's whose parole has been revoked, and who serve he remainder of their sentence originally imposed. The second half of the afore mentioned statute does not apply to the class members simply because they were all "***Subsequently Reparoled***.'" Id. The class members contend that the three words "Unless Subsequently Reparoled" are meant to exclude parolee's from the second half of the statute because they were "reparoled" and thus, did not serve the remainder of their sentence originally imposed. Therefore, there was no need to restart their sentence (s) as a new sentence. Furthermore, the time the class members were on parole was not forfeited as well because the class members were all "Subsequently Reparoled." The key words in the afore mentioned statute are, "***Unless*** "***Subsequently Reparoled***." Moreover, the class members contend that the "Fritz test" is     met here as well. (See Fritz, 449 U.S. 166 1980 Supra). The class members contend that there is a "Line drawn" between those prisoner's who serve the remainder of their sentences, and those prisoners who are "***Subsequently Reparoled***". The line being where the coma's meet drawing a distinctly different outcome, in that, if a prisoner is not ***Subsequently Reparoled*** after his/her parole is revoked, they lose valuable street time, accrued good time, as…well as, having one's sentence restarted. However, if you are "***Subsequently Reparoled***", none of the requisites apply. Thus, under both statutes 24-431, and 24-206, an argument can be made with respect to loss of previously awarded good time, and street time.

## PRAYER FOR RELEF

The class members pray this most Honorable Court order the federal Bureau of Prisons to Recalculate their sentence with the benefit of previously awarded and Vested institution, And Educational Good Time Credits, which in turn, will lead to their immediate release.

Wherefore these reasons stated in the afore mentioned the class members move to amend the record for this most honorable court's review.

Respectfully Submitted,

_____          _____
                                                                    

_____          _____
Dondrago Hardy

_____          _____

## CERTIFICATE OF SERVICE

  I hereby certify and declare that a true and accurate copy of the foregoing, __Addendum to Writ of habeas corpus__, was placed into This institution's mail receptacle on this _____, day of, _____, 2007, to make service on the U.S. Attorney's office for the District of Columbia, 555-4th Street, N.W., Washington, D.C. 20530.

_/s/ Derrick Beebe_

_/s/ [signature]_

_Dondeago Hardy_

_/s/ Marcus A. Ferguson_

_/s/ JA Mack_

_/s/ Thurston Sweet_

(15)