UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence K. Bethea, et al.,        )
                                  )
        Petitioner,                )
                                  )
                                  )
v.                                 ) Civil Action No. 07-cv-1112(RMC)
                                  )
William Smith, et. al.,            )
                                  )
        Respondents.               )
                                  )

MOTION REQUESTING A RULING
ON PETITIONER'S MOTIONS TO BE CERTIFIED AS A CLASS
AND HIS MOTION FOR APPOINTMENT OF COUNSEL

RECEIVED
AUG 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Comes now the petitioner pro-se, Terence K. Bethea, in the above-captioned cause humbly and respectfully moves this most Honorable Court for a ruling on his motions for appointment of counsel, and his motion that this case be certified as a class action, pursuant to FRCP Rule 23.

## MOTION TO CERTIFIED AS CLASS

Petitioner contends that in this case the prerequisites for an action to proceed as a class are met, in that, the class members are so numerous that joinder is impracticable. This is true because their are questions of law that would affect hundreds if not thousands of persons now on parole or incarcerated for alledged parole violations, revocation hearings, thus, too large for joinder whereas, the numerosity requirement is met.

Second, the rule also requires common issues of law or fact, of which there must be at least one common element between all the members. Petitioner contends that this case only involves those like himself whose sentences fall under the "Good Times Credits Act.

-1-

Moreover, in this case there are common questions of fact that relate to how the Good Times Credits Act, D.C. Code § 24-431, § 24-428, § 24-429, § 24-432, as well as, District of Columbia Municipal Regulations, 28 § 601.1 through § 601.11, should be applied and interpreted. Furthermore, there are common questions of law that exist which centers around the aforementioned statutes that petitioner has asked the court to address.

The third requirement which is somewhat linked to the second, is that the claims made must be typical. Petitioner contends that all claims arise from the same event, or same course of conduct. (see Fuente v. Stokley-Van Camp, Inc., 713 F.2d 225 (1983)(See also, Faheem-El v. Klincar, 600 F.Supp. 1029 (1984)).

In United States Ex Rel., Sero v. Preiser, 506 F.2d 1115 (2nd Cir. 1974)(Cert. denied 421 U.S. 921 (1975), the 2nd Circuit held; "While the precise class action provisions of Fed. Rule Civ. 23 do not apply to habeas corpus proceeding, a federal court may permit multi-party habeas actions similar to the class actions authorized by civil proceedure when nature of the claim so requires." Id. at 1125, 1126.

In this circuit, the U.S. Court of Appeals for the District of Columbia Circuit discussed the issue at bar in LoBue v. Christopher, 82 F.3d 1081 (D.C. Cir. 1996), when it overruled Mr. lobue's contention that, "in a habeas case he could not have maintained a class action . . . nor sought class-wide relief in those proceedings." Id. at 1085.

The <u>LoBue</u>, court responded by stating that, "If by that he (Lobue) meant to claim that there is no equivalent to class actions in habeas, he was wrong, for the courts have in fact developed such equivalents." (Citing <u>United States v. ex rel. Sero v. Preiser</u>, 506 F.2d 1115, 1125 (2nd Cir. 1974), Cert. denied. 421 U.S. 921 (1975). Because there is a commonality of issues presented by petitioner, certification of class should be granted.

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner contends that he is prevented by Bureau of Prison regulations from contacting other class members through out the BOP system. Moreover, petitioner cannot afford to contact class members if allowed simply because he has no funds. Petitioner earns only $14.00 per month which he uses on cosmetics and the like.

Moreover, can be deemed as serving the public's interest as well as, falling under the ends of justice standard. Petitioner's issues are neither frivolous, nor malicious, and there is most certainly a cause and controversey present. This case will simply grow and grow, and there are already countless others simularly situated who want to join this class in other circuits. Petitioner is simply a layman in the art and science of law. However, the questions presented before this most Honorable Court are far reaching. The Clerk's office lists all the class members as being housed at D.C. Jail which is not accurate. They are scattered through out the Federal system, and thus, another reasons why appointment of counsel is appropriate.

Wherefore these reasons stated in the aforementioned, petitioner requests this most Honorable court grant his request for class certification, and appointment of counsel, and anything else this court deems just fair, and proper.

Respectfully Submitted,

*/s/ Terence K. Bethea*
Terence K. Bethea
Fed. Reg.#09978-007
FCI-Gilmer
P.O.Box-6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

I hereby certify and declare under the penalty of perjury that a true and accurate copy of the foregoing motion was placed into the hands of my counselor, Mr. Lockcuff, on this 13th, day of August, 2007, to make service on the U.S. Attorney's Offfice for the District of Columbia, 555 - 4th Street, N.W. Washington, D.C. 20001.

*/s/ Terence K. Bethea*
Terence K. Bethea