Terence K. Bethea
Fed.Reg.#09978-007
F.C.I. - Gilmer
P.O.Box-6000
Glenville, WV 26351

October 9, 2007

Clerk of the Court
United States District Court
for the District of Columbia
E. Barrett Prettyman Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

   Re: 07-1112(RMC) - <u>Bethea, et al., v. Smith</u>

Dear Ma'am:

Please be advised that I did not intend to mis-lead the court in any way. I simply wanted to be on point with respect to my filings presently before this court.

Please do not worry about my notice of appeal in that it was simply pre-mature. I did not however, want my exhibits returned to me because they were to used with my opposition motion.

Thus, I ask that you kindly add them with my motion in opposition. Your assistance in this matter will be greatly appreciated. Thank you and have a wonderful day.

Sincerely,

*/s/ Terence K. Bethea*
Terence K. Bethea

**RECEIVED**

OCT 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07-1112(RMC)

EXHIBITS TO OPPOSITION

RECEIVED

OCT 1 5 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Option A

# ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

// Bottom of Guidelines \\

I, __Terrence Bethea__, Register No. __09978-007__, agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

_Subject has been in continuous custody since 3-21-07 (new charge/conviction)_

Option A

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range. If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

_Drug Aftercare_

Alleged Violator: **Terrence Bethea**     **09978-007**
Print Name / Register No.

X _[signature]_     6/1/07
Signature / Date

Attorney: _[signature]_     6/1/07
Signature / Date

USPC Examiner: _[signature]_     6-1-07
Signature / Date

EXHIBIT B-24

Copy

TERENCE K. BETHEA
DCDC #259-385
Fed. Reg. # 09978-007

July 19, 2007

## APPEAL PURSUANT TO C.F.R § 2.26

I TERENCE K. BETHEA, hereby appeals the discision approved by the Commission on July 22, 2007, giving me a set-off of approximately 12 months which contridicts the Commission's own Rules and Regulations with respect to the D.C. advanced consent to Expedited Revocation. My appeal issues are as follows:

(1)

The Examiner incorrectly applied higher severity guidelines based on incorrect data, when it stated, "Subject... was convicted for the offense of uttering." (Id. at Page #1 of N.O.A dated June 22, 2007).

I was "NOT" convicted of the offense of uttering. In fact I was not even indicted for the charge of uttering. Moreover, I was not charged by the Commission in its list of violations for uttering. I was in fact charged with "Attempted Uttering" of which, I pled guilty to, and admitted to, at my Probable Cause hearing...

(2)

... held on June 1, 2007. Therefore, since I was never formally charged by the courts or the Commission for the charge of "Uttering" as it incorrectly states on my N.O.A., I cannot be found guilty of the charge of uttering. Moreover, the U.S. Attorney's office offered me a "Pre-indictment Plea offer of attempted uttering, which is a misdemeanor or catagory 1 offense, and pursuant to the Revitalization Act, the Commission's Acts, as it relates to this case "Shall" be governed by...

(3)

...the laws and Regulations of the District of Columbia. (See D.C. Code § 24-123). Furthermore, under the terms of the, "DC Advanced Consent to Expedicted Revocation", The Commission clearly states on the Reverse Side of the form that the alledged violation can only be a, "Catagory one or two offense." The Commission However, Stated in it's Reasons on Page #2 of my NOA, "Your Parole violation has been Rated as a Catagory Three Severity."

(4)

However, I only agreed to the expedited offer based on the catagory 1 offense of Attempted uttering. The Examiner's Actions are in contridiction of the Commission's own Rules and Regulations with Respect to the Advanced consent expedicted offer. This is true simply because it clearly states that by accepting the advanced consent offer, the Commission is locked in At the bottom of the Guide Lines. and, because I signed the advanced consent based on a Catagory offense of 1,...

(5)

... with a Salient Factor Score of 4, I should have recieved no more than an 8 month set-off as directed on the back of the DC Advanced Consent form, that I signed on June 1, 2007. Had I not taken the advanced consent offer I would not have recieved any more time than the 12 months given to me by the Commission, simply because I was told to bring it to expieration. I ask that my set-off be 8 months.

Respectfully Submitted,

*[signature]*
TERENCE K. BETHEA
DCDC # 259-385
Fed. Reg. # 09978-007

(6)

Original

## Certificate of Service

I hereby certify and declare that a true and accurate copy of the foregoing Appeal to the National Appeals Board was placed into this institutions mail receptacle on this 19th, day of July, 2007, to make service on the U.S. Parole Commission's, National Appeal's Board, 5550 Friendship Blvd., Chevy Chase, Maryland 20815-7201.

Terence K. Bethea
DCDC # 259-385
Fed. Reg # 09978-007

(7)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terence K. Bethea, et al.,      )
                                )
          Petitioner,           )
                                )
                                )
     v.                         )   Civil Action No. 07-cv-1112(RMC)
William Smith, et. al.,         )
                                )
          Respondents.          )
                                )

### MOTION REQUESTING A RULING ON PETITIONER'S MOTIONS TO BE CERTIFIED AS A CLASS AND HIS MOTION FOR APPOINTMENT OF COUNSEL

Comes now the petitioner pro-se, Terence K. Bethea, in the above-captioned cause humbly and respectfully moves this most Honorable Court for a ruling on his motions for appointment of counsel, and his motion that this case be certified as a class action, pursuant to FRCP Rule 23.

### MOTION TO CERTIFIED AS CLASS

Petitioner contends that in this case the prerequisites for an action to proceed as a class are met, in that, the class members are so numerous that joinder is impracticable. This is true because their are questions of law that would affect hundreds if not thousands of persons now on parole or incarcerated for alledged parole violations, revocation hearings, thus, too large for joinder whereas, the numerosity requirement is met.

Second, the rule also requires common issues of law or fact, of which there must be at least one common element between all the members. Petitioner contends that this case only involves those like himself whose sentences fall under the "Good Times Credits Act.

-1-

Moreover, in this case there are common questions of fact that relate to how the Good Times Credits Act, D.C. Code § 24-431, § 24-428, § 24-429, § 24-432, as well as, District of Columbia Municipal Regulations, 28 § 601.1 through § 601.11, shold be applied and interpreted. Furthermore, there are common questions of law that exist which centers around the aforementioned statutes that petitioner has asked the court to address.

The third requirement which is somewhat linked to the second, is that the claims made must be typical. Petitioner contends that all claims arise from the same event, or same course of conduct. (see Fuente v. Stokley-Van Camp, Inc., 713 F.2d 225 (1983)(See also, Faheem-El v. Klincar, 600 F.Supp. 1029 (1984)).

In United States Ex Rel., Sero v. Preiser, 506 F.2d 1115 (2nd Cir. 1974)(Cert. denied 421 U.S. 921 (1975), the 2nd Circuit held; "While the precise class action provisions of Fed. Rule Civ. 23 do not apply to habeas corpus proceeding, a federal court may permit multi-party habeas actions similar to the class actions authorized by civil proceedure when nature of the claim so requires." Id. at 1125, 1126.

In this circuit, the U.S. Court of Appeals for the District of Columbia Circuit discussed the issue at bar in LoBue v. Christopher, 82 F.3d 1081 (D.C. Cir. 1996), when it overruled Mr. lobue's contention that, "in a habeas case he could not have maintained a class action . . . nor sought class-wide relief in those proceedings." Id. at 1085.

The <u>LoBue</u>, court responded by stating that, "If by that he (Lobue) meant to claim that there is no equivalent to class actions in habeas, he was wrong, for the courts have in fact developed such equivalents." (Citing <u>United States v. ex rel. Sero v. Preiser</u>, 506 F.2d 1115, 1125 (2nd Cir. 1974), Cert. denied. 421 U.S. 921 (1975). Because there is a commonality of issues presented by petitioner, certification of class should be granted.

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner contends that he is prevented by Bureau of Prison regulations from contacting other class members through out the BOP system. Moreover, petitioner cannot afford to contact class members if allowed simply because he has no funds. Petitioner earns only $14.00 per month which he uses on cosmetics and the like.

Moreover, can be deemed as serving the public's interest as well as, falling under the ends of justice standard. Petitioner's issues are neither frivolous, nor malicious, and there is most certainly a cause and controverseyy present. This case will simply grow and grow, and there are already countless others simularly situated who want to join this class in other circuits. Petitioner is simply a layman in the art and science of law. However, the questions presented before this most Honorable Court are far reaching. The Clerk's office lists all the class members as being housed at D.C. Jail which is not accurate. They are scattered through out the Federal system, and thus, another reasons why appointment of counsel is appropriate.

Wherefore these reasons stated in the aforementioned, petitioner requests this most Honorable court grant his request for class certification, and appointment of counsel, and anything else this court deems just fair, and proper.

Respectfully Submitted,

/s/ Terence K. Bethea
Terence K. Bethea
Fed. Reg.#09978-007
FCI-Gilmer
P.O.Box-6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

I hereby certify and declare under the penalty of perjury that a true and accurate copy of the foregoing motion was placed into the hands of my counselor, Mr. Lockcuff, on this 13th, day of August, 2007, to make service on the U.S. Attorney's Offfice for the District of Columbia, 555 - 4th Street, N.W. Washington, D.C. 20001.

/s/ Terence K. Bethea

-4-